UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                            :
RDPA, LLC,                                  :

                      Plaintiff,                    :

                                            :          20-cv-3573 (LJL)
       -v-                                 :

                                            :          OPINION &
GEOPATH, INC.,                      :          ORDER

                     Defendant.                 :

-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/17/2020

LEWIS J. LIMAN, United States District Judge:

      Defendant moves for adjournment of the Initial Pretrial Conference scheduled for August 19, 2020.  (Dkt. No. 13.)  Plaintiff moves for extension of time to serve.  (Dkt. No. 15.)  For the following reasons, both motions are granted.

## BACKGROUND

      The Complaint in this case was filed on May 7, 2020.  (Dkt. No. 1.)  On May 28, 2020, the Court set an Initial Pretrial Conference for July 17, 2020.  (Dkt. No. 6.)  On July 8, 2020, the Court received two emails from counsel for plaintiff RDPA, LLC ("Plaintiff" or "RDPA") requesting clarification of its obligation to file a proposed Case Management Plan and Scheduling Order in light of the fact that Defendant had not yet been served.  (Dkt. No. 8.)  In a written order filed on ECF the same day, the Court directed Plaintiff's counsel to its Individual Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-lewis-j-liman.  (*Id.*)  The order also adjourned the conference to August 19, 2020.

      On August 11, 2020, a notice of appearance was filed on behalf of defendant Geopath, Inc. ("Defendant" or "Geopath").  The same day, defense counsel filed a letter requesting "that

the Court adjourn *sine die* the Initial Pretrial Conference scheduled for August 19, 2020, in favor of Geopath's proceeding immediately to filing a motion to quash the unsigned and unsealed summons purportedly served by plaintiff and to dismiss the action for failure to effectuate service timely under Fed. R. Civ. P. 4(m)." (Dkt. No. 13.) The letter also asked the Court to order Plaintiff to produce to Geopath the July 8, 2020 *ex parte* emails. (*Id.* at 3 n.4.) By separate letter filed the same day, Geopath submitted notice of its intent to make a motion to dismiss the Complaint "in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) and 4(m), if the Court does not hear and grant Geopath's motion to quash the unsigned and unsealed summons and to dismiss the action for plaintiff's failure timely to serve the complaint under Fed. R. Civ. P. 4(m) in advance of the Court's ordering the filing of such a motion to dismiss." (Dkt. No. 14.)

On August 12, 2020, Plaintiff filed a motion requesting an extension of time to serve Defendant. (Dkt. No. 15.) The letter explained that, "[t]hroughout the month of June, the parties engaged in a myriad of e-mail communications" by which Defendant was "directly informed of the complaint." (*Id.*) Plaintiff's letter characterizes its defective service as an "innocent mistake" and argues that Defendant has not been prejudiced by it. (*Id.*)

Relevant email communications between the parties include the following:

- **July 8, 2020:** Plaintiff's counsel emailed defense counsel a "formal request, under Rule 4 of the Federal Rules of Civil Procedure," for Defendant to waive service. (Dkt. No. 15, Ex. A at 3–4.) Plaintiff's counsel requested a response by July 17, 2020 on whether Geopath would be willing to waive service. (*Id.*) The email attached a copy of the Complaint and a waiver of service form. (*Id.*)

- **July 17, 2020 at 4:31 p.m.:** Defense counsel responded to Plaintiff's counsel stating, "Geopath does not waive service of process pursuant to your email dated July 8, 2020." (*Id.* at 3.) Defense counsel advised that the July 8, 2020 email was "not a proper request for waiver of service of process" under Fed. R. Civ. P. 4(d). (*Id.*) In closing, it stated, "We cannot execute the waiver of service of process included in your email." (*Id.*)

- **July 17, 2020 at 4:38 p.m.:** Plaintiff's counsel acknowledged that Fed. R. Civ. P. 4(d) gives a defendant 30 days after a request is sent to return a waiver of service. (*Id.*) Plaintiff's counsel stated, "To better comply with this, RDPA will extend its request of waiver to Monday, August 3. Although this is not exactly 30 days from the notice sent on July 8, we hope that Geopath can be reasonable and agree to the waiver." (*Id.*)

- **July 31, 2020:** Plaintiff's counsel advised, "If we do not hear from you by the end of the day (July 31), we will serve the complaint next week." (*Id.*)

In early August, RDPA attempted to physically serve Geopath with the Complaint and summons at its registered place of business located at 561 7th Avenue, 12th Floor, New York, NY 10018. (Dkt. No. 15 at 2.) The process server's receipt states that service was made on August 5, 2020 at 11:11 a.m. (Dkt. No. 15, Ex. B at 2.) According to the receipt, the person who accepted service was the Building Operations Manager. (*Id.* at 3.) This individual informed the process server that a representative of Geopath comes in "once a week . . . to pick up . . . mail." (*Id.*) Geopath's letter explains that an "employee of Geopath found the documents on August 6, 2020" outside Geopath's office. (Dkt. No. 13 at 1 n.1.) The summons was unsigned and unsealed. (*Id.*, Ex. B.)

On August 10, 2020, Geopath informed RDPA of its intent to file the motion requesting *sine die* adjournment of the Initial Pretrial Conference in favor of Geopath's proceeding immediately to move to quash the unsigned and unsealed summons. (*Id.*, Ex. A.) Plaintiff's counsel informed defense counsel that a "new paralegal" who was "working remotely" made the "mistakes." (*Id.*) Plaintiff's counsel also stated that the paralegal "immediately contacted the Court and the supervising attorney for guidance." (*Id.*) The letter further requested that Geopath "rethink its obstructionist tactics" and "work with [RDPA] in a cooperative manner." (*Id.*) Defense counsel was unmoved. "It is disturbingly ironic that you would accuse us of 'obstructionist tactics' when you have failed to comply with the Court's rules and procedures at every turn," stated the response letter. (*Id.*) The letter warned that RDPA's allegation of

3

Geopath "not negotiating in good faith" was "unfounded and sanctionable." (*Id.*) And the letter requested "information about the details and substance of [the] paralegal's *ex parte* communication with the Court." (*Id.*)

The August 11, 2020 meet-and-confer was unsuccessful. (*Id.*) The same day, RDPA sent the following summarizing letter to Geopath:

> Thank you for speaking with us earlier. On the call, we recognized that the summons was improper . . . We discussed the basis of your contention that you were prejudiced, to which you responded that you had been prejudiced since the beginning of this case. We recognized that you failed to identify any specific instance or manner in which you or your client have been prejudiced.
>
> You asked if we would reschedule the August 19th scheduling conference, to which we responded that we would leave it up to the discretion of the court. We also reiterated that we would be happy to reschedule the conference if there was a conflict and based on the mutual convenience of the parties.
>
> We stated multiple times that it was our hope to move this dispute forward and did not want to waste the resources of parties, and more importantly, those of the court. We stated that even if the case is dismissed, we would simply re-file the case and the parties will be back in the same position at a later date. In the spirit of efficiency, we asked if you would oppose a motion for an extension of time and you stated that you oppose such a motion.

(*Id.*) As of this writing, the docket reflects no indication that Plaintiff has requested a summons from the Clerk of Court.

## DISCUSSION

"A summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a).

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." (*Id.*)

"An individual, corporation, or association that is subject to service under [Fed. R. Civ. P.] 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d).

The material facts are not disputed. The deadline for service under Fed. R. Civ. P. 4(m) was August 5, 2020. Plaintiff sent Defendant a copy of the Complaint at least as early as July 8, 2020. The same day, Plaintiff asked Defendant to waive service. Plaintiff requested a waiver from Defendant by a deadline sooner than that to which Defendant was entitled under Fed. R. Civ. P. 4(d). On July 17, 2020, Defendant refused to execute the waiver. Minutes later, Plaintiff informed Defendant that it was extending its previously-requested deadline to August 3, 2020. Defendant did not respond. On August 5, 2020, Plaintiff delivered an unsigned and unsealed summons to the building manager at Defendant's place of business. To date, Plaintiff has not obtained a summons that complies with Fed. R. Civ. P. 4(a).

Fed. R. Civ. P. 4 "was designed to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process." 4 Charles A. Wright

and Arthur R. Miller, Federal Practice and Procedure (hereinafter, "Wright & Miller") § 1061 (4th ed. 2020); *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977) ("[C]ompliance with the rules governing service of process is to be construed in a manner reasonably calculated to effectuate their primary purpose: to give the defendant adequate notice that an action is pending.").

As a matter of timing, Plaintiff's attempts at service were misguided from the start. "The procedure for requesting waiver of service obviously should not be used if the time for service of the summons under [Fed. R. Civ. P.] 4(m) will expire before the date on which the waiver must be returned." Wright & Miller § 1092. Courts are generally "unsympathetic" to plaintiffs who find that the 90-day service period under Fed. R. Civ. P 4(m) has "expired while they waited for the defendant to waive service." *Id.*[1] But this was not a situation in which the plaintiff had any reason to doubt that the defendant had adequate notice of the lawsuit. Indeed, Plaintiff has represented (and Defendant has not disputed) that the parties were discussing substantive concerns "related to licensing the patents at issue" around the same time as the request for waiver was sent. (Dkt. No. 15 at 2 n.1.) The Court has documentary evidence that Plaintiff sent the Complaint to Defendant on July 8, 2020. Defendant was well aware of this lawsuit before the 90-day service period under Fed. R. Civ. P. 4(m) expired.

Turning to the unsigned and unsealed summons, Plaintiff's self-described "innocent mistake" is significant. (Dkt. No. 15.) "Harmless errors that otherwise give a defendant proper notice, such as misspelling the defendant's name or referring defendant to the complaint for the proper caption, are clearly amendable *nunc pro tunc* under Rule 4(h)." *Gianna Enters. v. Miss*

---

[1] Upon order of the court, "a plaintiff can be given additional time for completing service in that situation." *Id.*

*World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982). "Service of an unsigned and unsealed summons, however, is a more serious infraction for which a court, in its discretion, need not allow amendment." *Id.* "Such service may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney." *Id.* "[A] defendant should not be made to answer a summons and complaint without first being given proper notice of the nature of the suit *and* being assured that the summons properly issues from a court." *Id.*

Despite the seriousness of an unsigned and unsealed summons, courts have "discretion" in deciding whether or not to quash service. *Id.* at 1359; *McKibben v. Credit Lyonnais*, 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999) (attempted service of an unsigned and unsealed summons "*can* be fatal") (quoting Fed. R. Civ. P. 4, 28 U.S.C.A. Practice Commentary C4-1 (1992 & Supp.1996)) (emphasis added). In *Gianna*, for example, the court granted the defendant's motion to quash in part because, as a "resident of Great Britain" who "would not so easily be re-served by plaintiff," he "would be prejudiced" if the summons was allowed "to be amended[.]" 551 F. Supp. at 1359. Here, by contrast, there is no evidence that Defendant would suffer prejudice if it had to be re-served.

Relatedly, under Fed. R. Civ. P. 4(m), once the 90-day deadline has expired, a court may either "order that service be made within a specified time" or "dismiss the action without prejudice." To be clear, "even where good cause does not exist, courts remain free to exercise their discretion in extending the time for service." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003). "In exercising this discretion, the courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant had attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from

7

the time constraints of the provision, and 4) whether the defendant had actual notice of the claims asserted in the complaint." *Id.*  Here, the factors strongly favor an extension.  As in *Feingold*, "the statute of limitations would not bar re-filing the action, but it would be judicially uneconomical to force that procedure at this point where extension can be granted." *Id.*  There is no evidence that Defendant would suffer prejudice from an extension and there is ample evidence that Defendant had actual notice of the claims asserted in the Complaint.

"Where service of process is insufficient, '[t]he courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant.'" *Montalbano v. Easco Hand Tools, Inc*., 766 F.2d 737, 740 (2d Cir. 1985) (quoting 5C. Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1354, at 585 (1969)). "[S]ervice will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Id.* (internal quotation marks and citation omitted).  Here, the Court is persuaded that Plaintiff will effect prompt and proper service if the action is preserved.  That outcome is, by far, the fairest and most efficient one—the one that best accords with the policies that animate the Federal Rules of Civil Procedure.  Plaintiff has repeatedly and credibly asserted that, if the Court dismisses this action, RDPA will simply re-file the Complaint.  (Dkt. No. 15 at 1.)  There is no good reason to put the parties and the Court through that.

## CONCLUSION

For the foregoing reasons, the Court QUASHES Plaintiff's previous attempt to serve Defendant and EXTENDS the deadline for Plaintiff to serve Defendant until October 1, 2020.

The Initial Pretrial Conference previously set for August 19, 2020 is ADJOURNED to October 13, 2020 at 3:30 p.m.  It will proceed telephonically.  The parties are directed to call

8

(888) 251-2909 and use access code 2123101.  The parties shall submit a proposed Case Management Plan and Scheduling Order one week prior.  If agreement cannot be reached, the parties may submit separate proposals.  The time period for Defendant to file any motion dismiss under Fed. R. Civ. P. 12 will be extended until further order of the Court upon Defendant's filing of a simple letter indicating, in one sentence, its intent to make such motion.  Such letter must be filed no later than October 6, 2020.

Plaintiff is HEREBY ORDERED to produce any and all *ex parte* communications it has had with the Court.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 13 and 17.

SO ORDERED.

Dated: August 17, 2020  
      New York, New York                                                           LEWIS J. LIMAN  
                                                                        United States District Judge