UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/17/2021
```

---------------------------------------------------------------------X
:
RDPA, LLC,                                                           :
                                                                    :
                                   Plaintiff,                       :
                                                                    :            20-cv-3573 (LJL)
                    -v-                                              :
                                                                    :            OPINION & ORDER
GEOPATH, INC.,                                                       :
                                                                    :
                                   Defendant.                       :
                                                                    :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Geopath, Inc. ("Geopath") moves, pursuant to Federal Rule of Civil Procedure

54(d)(2), for attorney's fees following the Court's award of judgment in its favor entered on June

16, 2021.  Dkt. No. 57.  For the following reasons, Geopath's motion is denied.

## DISCUSSION

Plaintiff RDPA ("RDPA") brought this lawsuit alleging that Geopath had infringed upon

five patents of which it was the sole owner.  Geopath moved to dismiss the complaint, arguing

that the claims of the asserted patents were not patentable under 35 U.S.C. § 101 because they

were directed to an abstract idea.  By Opinion and Order dated June 15, 2021, the Court granted

Geopath's motion. Dkt. No. 57.  Geopath now moves the Court for prevailing party fees

pursuant to 35 U.S.C. § 285.

Under 35 U.S.C. § 285, a court "in exceptional cases may award attorney fees for the

prevailing party."  An exceptional case is "one that stands out from the others with respect to the

substantive strength of a party's litigating position (considering both the governing law and the

facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness,*

*LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Courts determine whether a

case is exceptional "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. However, "[t]he exercise of discretion in favor of such an allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular lawsuit should be left to bear the burden of his own counsel fees which prevailing litigants normally bear." *J.P. Stevens Co. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1051-52 (Fed. Cir. 1987). In determining whether to award fees, a court considers a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Geopath argues that this case qualifies as "exceptional" for purposes of 35 U.S.C. § 285 for several reasons. First, Geopath argues that RDPA pursued a litigating position for which "no reasonable litigant could reasonably expect suggest on the merits." Dkt. No. 58 (quoting *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d. 329, 335-36 (S.D.N.Y. 2014)). According to Geopath, the Court should find the case "exceptional," because there was no question that the patent-in-suit was ineligible under Federal Circuit precedent. In particular, Geopath argues that the patents were clearly ineligible for protection under the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). Second, Geopath argues that RDPA conducted the litigation of this case in an unreasonable manner.

Geopath's arguments are unavailing. The Court did conclude at the motion to dismiss stage that RDPA's patents were not enforceable, as they were directed to an abstract idea under the *Alice* test. However, RDPA's arguments, though without merit, were not frivolous. A duly

issued patent is presumed to be valid, *see* 35 U.S.C. § 282(a) ("A patent shall be presumed valid.

. . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party

asserting such invalidity."), and RDPA raised colorable arguments that its patents met the

standards set forth in *Alice*, *see Universal Church, Inc. v. Universal Life Church/ULC

Monastery*, 2019 WL 4601741, at *4 (S.D.N.Y. Sept. 19, 2019) ("A patent holder has the right to

vigorously enforce its presumptively valid patent." (quoting *DietGoal Innovations, LLC v.

Wegmans Food Markets, Inc.*, 126 F. Supp. 3d 680, 685 (E.D. Va. 2015))).  Coupled with the

vagaries of the *Alice* test itself, *see, e.g.*, *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334

(Fed. Cir. 2016) ("[T]he Supreme Court has not established a definitive rule to determine what

constitutes an 'abstract idea' sufficient to satisfy the first step of the *Mayo/Alice* inquiry."); *Joao

Control & Monitoring Sys., LLC v. Digital Playground, Inc.*, 2018 WL 1596068, at *4 (S.D.N.Y.

Mar. 28, 2018) ("Plaintiff's decision to pursue this suit in the uncertain legal landscape before

and immediately after *Alice* was not so unreasonable as to warrant fee shifting."), RDPA's

arguments are not assumed to have been in bad faith.

Geopath's argument that RDPA litigated this case in an unreasonable fashion is similarly

unavailing.  Geopath argues that RDPA should have abandoned its case once Geopath had

explained to it that the patents were invalid.  It is true that "[a] frivolous infringement suit is one

which the patentee knew or, on reasonable investigation, should have known was baseless."

*Haynes Int'l Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993).  However, RDPA's suit

was not frivolous.  RDPA produced an expert declaration in which the expert stated that the

asserted patents were directed to patentable material.  Dkt. No. 60 at 9-10.  Furthermore, RDPA

asserts that there are 181 current licensees to the asserted patents, a fact which provides further

support for the proposition that that patents were not self-evidently unenforceable.  *Id*. at 1.

3

RDPA was not required to drop its suit simply because Geopath advised it in prelitigation discussions that Geopath would argue that the patents were not valid; it had a good faith basis for continuing its suit.

Geopath also argues that RDPA's litigation of the case was unreasonable because it (1) effected service by leaving documents on the floor outside of Geopath's office and delivered an unsigned summons; (2) had ex parte communications with the Court; (3) failed to provide Geopath with notice of the initial conference; and (4) filed an untimely response to a letter motion. These actions do not rise to the level of sanctionable conduct that would warrant fees. *See, e.g.*, *United States v. Alexander*, 981 F.2d 250, 253 (5th Cir. 1993) ("We are aware of no authority supporting the view that 'sloppy' service may render an otherwise legally and factually justifiable filing sanctionable."); *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (holding that the filing of papers four days late was not sanctionable where there was no evidence that the late filing was "for reasons of harassment or delay or for other improper purposes." (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986))). The "ex parte" contact was in the form of an email from Plaintiff to the Court, seeking guidance on its obligation under the Court's orders to file a case management plan in light of the fact that Defendant had not been served. The Court responded with a publicly filed order directing counsel to the Court's Individual Practices. Dkt. No. 10. The Court responded to the concern about notice of the initial conference by adjourning the initial conference to a later date. Dkt. No. 20.

## CONCLUSION

For the foregoing reasons, the motion for attorney's fees is DENIED.

4

SO ORDERED.

Dated: September 20, 2021
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge